WILLIAM H. TITCOMB, in equity,

*vs.*

JOHN McALLISTER and others.

Knox.    Opinion June 3, 1885.

*Shipping.  Mortgage of vessel.  Foreclosure.  Contribution from co-surety.  Equity.*

A maker of a promissory note gave to a surety on the same, as collateral security, a bill of sale of a sixteenth of a barkentine, and took from the surety an agreement that he would re-convey the sixteenth when the maker paid the note. *Held,* that this constituted a mortgage of the sixteenth, which should be foreclosed by the statute mode and not by a decree in equity.

*Held further,* that such a surety has a plain, adequate and complete remedy at law against a co-surety for contribution, for any excess of the note over the amount received from the property mortgaged.

BILL IN EQUITY.

Heard on bill, answer and proof.

The opinion states the material facts.

*C. E. Littlefield,* for the plaintiff.

The bill of sale of the vessel and the agreement to re-transfer did not constitute a mortgage.    The title to the vessel was to remain in Titcomb until he should re-transfer the same to Williams and Dean.    The estate was not to revest in them upon the payment by them of the notes.    It was to be transferred to them.    " The conveyance was not to be void " upon payment " of the note which is one of the essential elements of a mortgage." *Goddard* v. *Coe,* 55 Maine, 388.

We have a right to be released from all obligations that we may be under to Williams and Dean, under the contract, before we can be asked to appropriate this security for any purpose, and we can obtain a discharge of that agreement only in equity.

To the general proposition that sureties may proceed in equity for contribution we cite : *Scribner* v. *Adams,* 73 Maine, 541 ; Brandt, Suretyship, § 253 ; *Broughton* v. *Wimberly,* 65 Ala. 549.

LXXVII.    23

Assuming the transaction to have been a mortgage, now that the court has general equity jurisdiction, we had the right to bring this bill for the purpose of foreclosing it specially where a co-surety claims rights in the security, which are undefined and depend wholly on equitable rights,' and are peculiarly for the determination of a court of equity. Jones, Chat. Mort. § § 776–9, and cases cited in notes; *Merchants Nat. Bank* v. *Thompson*, 133 Mass. 484.

*Rice and Hall*, for the defendant, McAllister, cited: *Rollins* v. *Taber*, 25 Maine, 144; *Bachelder* v. *Fisk*, 17 Mass. 463; *Odlin* v. *Greenleaf*, 3 N. H. 270; *Davis* v. *Emerson*, 17 Maine, 64; *Howard* v. *Miner*, 20 Maine, 325; *Stevens* v. *Record*, 56 Maine, 488; *Jones* v. *Newhall*, 115 Mass. 244; *Baker* v. *Briggs*, 8 Pick. 121.

EMERY, J.   From the bill, answer and proof the following facts appear.   The complainant Titcomb, on the 20th day of April, 1877, was surety for Williams and Dean, upon two notes described in the instrument below recited, and upon the last named note, that for one thousand six hundred dollars the respondent McAllister, was also surety for Williams and Dean. McAllister was not upon the first named note.   In this state of affairs, on that day, Williams and Dean, conveyed to the complainant Titcomb, by absolute bill of sale, one-sixteenth of a barkentine, and received back on the same day and as a part of the same transaction, the following writing:

"In consideration of two notes signed by Williams and Dean and endorsed by me as follows, one note signed by Williams and Dean, payable to C. S. Smith, dated June 23, 1876, payable in one year from date for one thousand dollars and interest. Also one note signed by Williams and Dean payable to Alfred Sleeper, dated February 24, 1877, payable on demand for sixteen hundred dollars and interest, — I have this day received a bill of sale for one-sixteenth (1-16) of the barkentine Addie E. Sleeper as collateral security for the payment of said two notes, and the said Williams and Dean hereby agree to pay the principal and interest of the said two notes and also to keep the

said 1-16 of said vessel insured for the protection of said Titcomb, in case he shall be obliged to pay said notes, and when said Williams and Dean shall have paid said two notes and interest I, the said W. H. Titcomb, hereby agree to re-transfer the said one-sixteenth of said barkentine to said Williams and Dean or their assigns. (Signed) W. H. Titcomb."

"Rockland, April 20, 1877,

Witness. C. W. Mayo."

Williams and Dean did not pay either of said notes, and the complainant, Titcomb, was obliged to pay, and did pay both of the notes. McAllister did not pay anything. Williams and Dean are insolvent.

The first and preliminary prayer for relief in the bill is, "that the said security, (the 1-16 of the vessel) may be sold under the order of court, and that Williams and Dean may be required to cancel and discharge said writing.

If the transaction of April 20, 1877, left Williams and Dean without any interest in the one-sixteenth of the vessel; if they had no right in the thing, but only a right of action on the contract, as was held in *Goddard* v. *Coe*, 55 Maine, 385, cited by complainant's counsel, then the complainant acquired an unembarrassed legal title, and could have sold the vessel at once, and given a good title. Williams and Dean could not have followed the vessel, nor troubled it, but must have been content with the right of action against Titcomb personally. In such case Titcomb would need no order of court to make a sale. Such an order would be superfluous, and should not be granted.

If however, Titcomb's title was encumbered by some remaining right of Williams and Dean in the property itself, then the transaction evidently constituted a mortgage, and Williams and Dean have the rights of a mortgagor. It was not a pledge for the legal title was transferred. Such a transaction has been often held to be a mortgage. Jones on Chattel Mortgages, § 19, *Bartels* v. *Harris*, 4 Maine, 146; *Winslow* v. *Tarbox*, 18 Maine, 132; *Carpenter* v. *Snelling*, 97 Mass. 452. The rights of a mortgagor in a chattel mortgage after condition broken are created and defined by the statute. R. S., chap. 91, § 3, pro-

vides that "when the condition of a mortgage of personal property is broken, the mortgagor . . . may redeem it at any time . . . . before the right of redemption is foreclosed, as hereinafter provided." The mode of foreclosure referred to in the third section, is specified in detail in the fourth and fifth sections. In the sixth section it is provided that the right to redeem shall be forfeited, if the condition in the mortgage is not performed within sixty days after the specified notice of foreclosure is recorded. In effect, the statute gives the mortgagor for redemption, sixty days after the mortgagee has performed a certain specific act of foreclosure. Can the court, even with full equity powers, take away from the mortgagor, that statute right? Can the court substitute any other mode of foreclosure for that established by the statute?

It has been held in this state, in *Chase* v. *Palmer*, 25 Maine, 345, that the statute having provided specific modes for foreclosing mortgages of real estate, the jurisdiction of the court over bills to foreclose was thereby taken away. At that time, the general statute specifying the powers of the court as a court of equity, included the foreclosure of mortgages. It now only specifies the "redemption of estates mortgaged," dropping the other. See also *Shaw* v. *Gray*, 23 Maine, 174; *K. & P. R. R. Co.* v. *P. & K. R. R. Co.* 59 Maine, 35–37. The same reasoning would apply all the more conclusively to chattel mortgages. There was no right of redemption, nor duty of foreclosure of chattel mortgages before the statute, as there was in the case of real estate mortgages. Courts of equity once had jurisdiction over bills to foreclose real estate mortgages, until it was taken away by the statute providing other modes. In the case of chattel mortgages, the statute mode was the first and only mode of foreclosure. It was said by VIRGIN, J., in *Ramsdell* v. *Tewksbury*, 73 Maine, 199, that the only mode by which a mortgagee, (in a chattel mortgage,) can acquire an absolute title, is by the statute foreclosure. The Massachusetts Supreme Court dismissed a bill to foreclose a chattel mortgage. *Boston & Fairhaven Iron Works* v. *Montague*, 108 Mass. 248. We know of no case where, with a statute like ours, a bill to

foreclose a chattel mortgage has been sustained. This case, to be sure, is that of a mortgage of a vessel which need not be, and we presume was not, recorded in any town, ( *Wood* v. *Stockwell*, 55 Maine, 76,) but the United States statute only controls the place of record. All other rights of mortgagor and mortgagee, are left to the state statute. The right of redemption and duty of foreclosure, and the mode of foreclosure, remain the same. That the mortgage was not recorded in any town clerk's office, does not prevent a foreclosure in the statute mode. If there be no place to record the notice of foreclosure, it need not be recorded. This matter of the foreclosure of a mortgage of a vessel, was fully considered in *Taber* v. *Hamlin*, 97 Mass. 489, with a similar statute, and we think the reasoning and conclusion of the court in that case, satisfactory. The foreclosure, according to statute, without recording, was held valid. There may be instances of chattel mortgages where the statute mode of foreclosure would not be applicable, or would not provide a plain, adequate and complete remedy for the mortgagee. In such instances, the court might afford relief in equity. In this case, however, we think the statute mode is applicable and sufficient, and should be followed.

The main prayer in the bill is for a valuation of the property, for a specified appropriation of it, and for a decree against the co-surety, McAllister, for contribution. The equity power of the court is ample for this purpose, if this be the proper remedy, but the first inquiry in an equity proceeding must always be, whether there is a sufficient remedy at law. The legislature, in conferring equity powers on the court, enacted that these equity powers shall not be resorted to, nor exercised, in cases where there is a plain, adequate and complete remedy at law. If there be such a legal remedy, there is no occasion for invoking the equity powers of the court. Legal remedies are enlarged and multiplied from time to time, by legislative enactments and judicial construction, and it was the evident intention of the legislature, that these legal remedies should be sought where sufficient. Legal and equitable remedies are not concurrent. As the legal remedies become more efficacious, there is less

·occasion for equitable remedies, and the equity powers of the ·court become more limited. *Jones* v. *Newhall*, 115 Mass. :244; *Hayden* v. *Whitmore*, 74 Maine, 234; *Frue* v. *Loring*, 120 Mass. 507.

Sureties seeking contribution from co-sureties, formerly were ·obliged to resort to equity courts, but it is now well settled that .assumpsit may be maintained in such case. (*Bachelder* v. *Fisk*, 17 Mass. 464; *Davis* v. *Emerson*, 17 Maine, 64.) The case ·of *Bachelder* v. *Fisk*, would seem to be a good precedent for ·this case. That was an action against a co-surety for contribution, by a surety who had taken security to himself from the principal. The principal was insolvent, the same as in this case. It was held that the plaintiff could recover one-half of the balance, after deducting the value or the proceeds of the security. In *Scribner* v. *Adams*, 73 Maine, 541, cited by complainant, there were other interests and questions involved than those between the sureties. The respondent co-surety was insolvent, and the ·complainant sureties were endeavoring to reach the property .given as indemnity by the principal to the respondent co-surety. Other parties claimed an interest in the property, or fund. It was necessary to call them all before the court.

We do not see why all the questions in this case can not be ·determined in an action of assumpsit. Williams and Dean have ·no claim until they pay the debt, which payment will end all ·litigation. The accounts of the vessel, if necessary to be gone ·into, can be stated as well by an auditor as by a master. The ·value of the vessel, and its proper appropriation, can be made by :a jury under proper instructions from the court. Cases of this ·kind, for contribution between co-sureties, may arise, where, ·from the nature of the transactions, the situation of the parties, ·or other circumstances, as where more than an aliquot share is ·demanded, the remedy at law would not be plain, adequate and ·complete. Equitable remedies may then be successfully sought. In this case, however, we think a verdict and judgment at law ·could be obtained as readily, and would be as efficacious as a ·decree in equity, and hence the desired decree should be denied.

As our decision is only as to the remedy, and there was much

doubt as to the proper remedy, and the respondent has not suffered thus far, we do not think costs should be awarded.

*Bill dismissed without costs.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY and FOSTER, JJ., concurred.