JOHN D. COLBERT *vs.* MICHAEL J. MOORE & others.

Middlesex.    December 18, 1903. — February 27, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Equity Pleading and Practice.*

Upon an appeal from a decree of a judge sitting in equity upon questions of fact arising on oral testimony heard by him, his decision will not be reversed unless it is plainly wrong.  In this case the judge's findings of fact were supported by the evidence.

LATHROP, J.  This is a bill in equity against Michael J. Moore, Grace E. Stults and Mabel M. Stults, to have a mortgage

deed and note, purporting to be signed by the plaintiff, declared null and void, on the ground that the signatures thereto were forgeries. The judge of the Superior Court who heard the case entered a decree which ordered the bill to be taken for confessed against Moore, who did not appear, and recited that the mortgage and note were executed and given by the petitioner to Michael J. Moore, without fraud or deceit on the part of Moore, and that the other defendants were *bona fide* holders of the mortgage, and ordered that the bill be dismissed as against them with a single bill of costs. The bill comes before us on the plaintiff's appeal, with a full report of the evidence, taken in open court at the hearing.

The appeal brings before the court questions of fact as well as questions of law, and it is the duty of the court to examine the evidence, and to decide the case according to its judgment, giving due weight to the finding of the judge. *Goodell* v. *Goodell*, 173 Mass. 140, 146. It is however true that upon an appeal from a decree of a judge in equity upon questions of fact, arising on oral testimony heard before him, his decision will not be reversed unless it is plainly wrong. *Dickinson* v. *Todd*, 172 Mass. 183, and cases cited.

In the case before us there was evidence on which the judge properly could find for the defendants other than Moore. They were the assignees of the mortgage, and there can be no doubt, on the evidence, that they were *bona fide* holders of the mortgage and note, for a valuable consideration. The only question upon which any doubt can be raised is whether the signatures of the plaintiff to the mortgage and note were forged. On his direct examination, the plaintiff testified that each signature was forged. On cross-examination he admitted with reluctance that his signature to the mortgage was genuine, and the only reason he gave for disputing the genuineness of the signature to the note was that it was blurred. This seems to us a very insufficient reason. The evidence showed that at the time the mortgage was given he was the debtor of Moore, and he refused to produce his books of accounts and papers, although it appeared that he kept his accounts in a methodical manner. The mortgage and note were produced at the trial in the Superior Court and at the argument before us. It seemed to us that there was no difference in the two signatures.

On the whole case we are of opinion that the decree should be affirmed.

*So ordered.*

*F. A. Campbell,* for the plaintiff.

*J. R. Murphy,* for the defendants, Grace E. and Mabel M. Stults.