On the twenty-sixth day of September, 1906, the Honorable ARTHUR PRENTICE RUGG was appointed a justice of this court, and on the first day of October, 1906, took his seat upon the bench at the sitting of the court at Worcester in the county of Worcester.

---

JOHN C. POLAND & others *vs.* WILLIAM F. BEAL & others.

Suffolk.    March 20, 1906. — October 15, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice*, Appeal. *Equity Jurisdiction*, To avoid circuity of action. *Contract*, For benefit of third person enforceable in equity.

On an appeal from a decree in equity where all the evidence is reported without any findings of fact the decree appealed from may be reversed if this court upon consideration of the evidence reaches a conclusion of fact different from that reached by the judge who made the decree.

If the owners of all the shares in a hotel, the legal title to which is in trustees under a declaration of trust, request the trustees in writing to accept a proposition to lease the hotel which contains a condition that laundry furnishings and kitchen fixtures shall be provided by the owners, and agree to furnish the money (not exceeding $4,000) necessary to provide for the kitchen and laundry furnishings and fixtures required under the terms of the proposition, and if the trustees show this letter to the persons offering to lease the hotel and also show

it to a firm engaged in selling and installing laundry machinery who thereupon furnish the materials and labor required for the equipment of the laundry of the hotel and the lease is made, and if the bill for the laundry machinery thus furnished is approved by the trustees and its amount is within the limit fixed by the letter of the shareholders, the members of the firm who furnished the laundry machinery may maintain a suit in equity against the shareholders to compel them to pay the bill, their promise made to the trustees for the benefit of the plaintiffs being enforced directly to avoid circuity of action.

BILL IN EQUITY, inserted in a common law writ dated February 17, 1905, and filed on March 6, 1905, by John C. Poland, Edward F. Poland and John J. Mahoney, copartners doing business under the name of the Poland Laundry Machinery Company and engaged in selling, installing and dealing in laundry machinery, equipment and supplies, against William F. Beal of Boston and Arthur H. Bowditch of Brookline, the owners of all the shares of the Carlton Hotel Trust, created by a declaration of trust under which Leslie C. Wead, and Gordon Prince now deceased, were trustees, to enforce the payment of a bill for laundry furnishings and fixtures known as laundry machinery supplied to the Carlton Hotel, for the payment of which it was alleged that the defendants agreed to provide and to furnish the money.

In the Superior Court the case was heard by *Sheldon,* J. He appointed a commissioner under Chancery Rule 35 to take the evidence to be reported to this court, and made a final decree dismissing the bill. The plaintiffs appealed.

The letter of the defendants containing the promise for the benefit of the plaintiffs on which they relied was as follows:

"Boston, March 12, 1902.

" Leslie C. Wead and Gordon Prince, Trustees of the
          Carlton Hotel Trust:

" Dear Sirs: —

" The undersigned, owners of all the shares issued by the trustees of the Carlton Hotel Trust, hereby request you to accept the proposition for a lease of the Carlton Hotel for a period of ten (10) years from October 1st, 1903, at an average annual net rental of twenty-five thousand (25,000) dollars, as contained in the letter from F. L. Dore and R. O. Hammond to Whitcomb, Wead & Co., dated March 10th, 1902, and we agree that we will furnish the money (not exceeding four thousand

(4,000) dollars) necessary to provide for the kitchen and laundry furnishings and fixtures required under the terms of their proposition.

"And we further request that you will pay to Whitcomb, Wead & Co. a commission for negotiating the lease at the usual rate, amounting to twenty-five hundred (2500) dollars, such payment to be taken from the rentals as collected at the rate of five hundred (500) dollars per annum until the whole amount is paid. The lease shall be drawn in such usual form as may be acceptable to the trustees.

"Yours truly,

"William F. Beal.

Arthur H. Bowditch."

The case was argued at the bar in March, 1906, before *Knowlton,* C. J., *Morton, Lathrop,* * *Braley,* & *Sheldon,* JJ., and afterwards was submitted on briefs to all the justices except *Rugg,* J.

*H. C. Fabyan,* (*W. N. Poland* with him,) for the plaintiffs.

*C. Hunneman,* for the defendants.

BRALEY, J. This is an appeal in equity from a decree dismissing the plaintiffs' bill, and the case comes before us on a report of all the evidence, but without any findings of fact. It therefore becomes necessary to consider the evidence under the usual rule, that, where in equity a case has been tried and decided either in the Superior Court or by a single justice of this court, the decree from which the appeal is taken will not be reversed unless found to be plainly erroneous.

But this salutary rule of practice does not operate to prevent the full court, upon consideration of the evidence reported, from reaching a different conclusion. *Callanan* v. *Chapin,* 158 Mass. 113. *Goodell* v. *Goodell,* 173 Mass. 140. *Allen* v. *French,* 178 Mass. 539. *Colbert* v. *Moore,* 185 Mass. 227. *Fleming* v. *Cohen,* 186 Mass. 323, 325.

There being little, if any, conflict in the evidence upon the question involved, the credibility of witnesses ceases to be of importance, and giving to the defendants any benefit to which they may be entitled by force of the rule, we come directly to

---

* Mr. Justice Lathrop resigned before the case was decided.

the principal issue of fact, namely, whether by a fair preponderance of the evidence the plaintiffs are shown to have furnished the materials and labor required for the equipment of the laundry within the scope of the authority conferred upon the trustees by the letter of the defendants Beal and Bowditch.

It clearly appears that the intended lessees wrote a letter to a firm of real estate brokers, containing a proposal to lease the trust estate for ten years at a specified rental, but as a part of their offer they required that certain laundry furnishings and kitchen fixtures should be provided by the owners. While this letter was not put in evidence, and it does not appear in what particular form these requirements were stated, yet the inference fairly is to be drawn that they were included in a general statement without any description of the several articles which composed the complete outfit which was required to enable them to carry on the hotel.

By the letter of the defendants, subsequently written, the trustees were requested to accept this offer, and, being the managers and in control of the property, it reasonably follows that by implication they also were requested to provide such furnishings and fixtures as had been specified.

It was uncontroverted that in response to this request the trustees informed the lessees of this offer, and exhibited the letter to them and to the plaintiffs. The lessees and the plaintiffs in accordance with these preliminary propositions then agreed upon certain articles which are described in the bill as " laundry furnishings and fixtures, known as laundry machinery," and the plaintiffs as a result of their conference with the trustees and lessees submitted to the former an estimate, including the price with the cost of installation, and this estimate was duly accepted. It is a warrantable inference naturally following from the situation and the conduct of the parties up to this time, that the contract with the plaintiffs which thereupon followed was entered into by the trustees, acting as managers of the property, and who also may be said to have represented the defendants, not only in accepting the terms of the proposed lease, but in providing the articles which had been called for by the lessees, by installing the " kitchen and laundry furnishings and fixtures required under the terms of their proposition." Neither was it

disputed that in compliance therewith these articles were placed in the hotel, nor does it appear from the testimony that the defendants ever contended that the equipment so furnished did not meet the requirements of the lessees, or that it was in excess, or differed from the understanding by the defendants of the phrase, "laundry furnishings and fixtures" as used in their letter.

After the completion of the work, Wead, as surviving trustee, gave to the plaintiffs in writing his approval of their bill, with a statement that the materials which they had furnished were according to the contract, and that they were entitled to payment, whereupon interviews followed between the plaintiffs, the surviving trustee, and the defendant Bowditch.

If the testimony of Bowditch is accepted as correctly stating the substance of the interviews with him, he neither disputed the amount claimed as being incorrect, nor sought to avoid liability upon the ground that the articles furnished were not comprised within the terms of the offer made by his firm to the trustees.

While not conclusive upon this aspect of the case, it is also of significance that he testified, "I knew what the contracts were from these various items," even if the phrase used referred not only to the contract with the plaintiffs, but also to the other two contracts which also appeared in evidence, as these contracts showed an aggregate expenditure of something less than $4,000, which was the maximum limit fixed by the firm.

The only defence suggested in substance was that their agreement could not be enforced because, as this defendant informed them, the plaintiffs would be obliged to reach and apply the assets of the trust in payment of their bill.

From this review of the salient features of the evidence, it seems to us that the machinery which the plaintiffs furnished was provided under a contract made between them and the trustees, which conformed to the general terms and authorization contained in the letter submitted, and that from the inception of the negotiations to the close of the evidence at the trial all the parties in interest acted upon this assumption.

Having completed their contract, and the amount due therefor not being in dispute, there remains a question of law whether

these defendants can now be compelled to advance out of the amount which they promised a sum sufficient to pay the plaintiffs. If, accompanying their proposition, the money which they had engaged to furnish had been placed in the hands of the trustees and retained for the purposes specified, there can be no doubt that the plaintiffs would be entitled to reimbursement therefrom, as to this extent it was intended to form a part of the available assets of the trust. But, this course not having been taken, the surviving trustee could maintain a bill in equity to compel payment to him of the sum which the defendants agreed to provide, especially where in reliance upon the credit of this promise he made a valid contract with the plaintiffs, and for the purpose of administering full relief, as all the parties are before the court, this result can be accomplished in the present suit. *Von Arnim* v. *American Tube Works,* 188 Mass. 515. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461.

The decree of the Superior Court must be reversed, and a decree entered requiring the defendants Beal and Bowditch to pay to the plaintiffs the amount of their claim, with interest and costs.

*Ordered accordingly.*