WILLIAM O. FALARDEAU *vs.* C. EVERETT WASHBURN.

Suffolk.     March 17, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Equity Jurisdiction.     Attorney at Law.     Lien.*

A client, for whom an attorney at law has recovered money which he retains in his hands, may maintain a suit in equity against the attorney to enjoin him from using the money in paying more than the plaintiff thinks is due in settling physicians' bills against the plaintiff.

In a suit in equity against an attorney at law, who has recovered money for the plaintiff which he retains in his hands, to enjoin him from using the money in paying more than the plaintiff thinks is due in settling physicians' bills against the plaintiff, if it appears that the defendant was given an opportunity by the judge who heard the case to have the physicians summoned into court in order that he might establish the amount of his lien on the money in his hands for personal liability incurred for their bills, and did not elect to have them made parties, he cannot rely on such lien in defense, as he has no right to retain the plaintiff's money in his hands indefinitely for the purpose of settling these bills, and has lost his lien through his own fault in not taking the proper steps to enforce it.

LORING, J.     This suit comes before us on two appeals, one from an order overruling a demurrer to the bill, the other from a final decree.

It is alleged in the bill that the defendant was retained by the plaintiff in an action to recover for personal injuries suffered by him; that the action resulted in a judgment for the plaintiff, on which the defendant has received more than $1,000; that the plaintiff has asked for an accounting and payment and the defendant "refuses to pay over any money or properly to account for the same." Then follows this allegation: " Said

Washburn employed doctors to testify at the trial of said cause, whose charges and claims for services are excessive, which charges and claims said Washburn threatens to pay." As we have said, a demurrer to this bill was overruled and an appeal taken.

In overruling the demurrer the judge stated his reasons to be : " I am of opinion that the bill states a cause for equitable relief and therefore overrule the demurrer. It is not to be understood, however, that the court may not as a matter of discretion order other parties to be joined, if it is made to appear upon motion that the defendant has incurred liabilities in the plaintiff's behalf and the amount of such liabilities is disputed."

No motion was made by the defendant for the joinder of the doctor whose charges he threatened to pay out of the sum received by him for the plaintiff.

The case then came on for hearing on the merits.

In the course of that hearing the defendant asked the plaintiff on cross-examination how many days the doctors were in attendance. To this the plaintiff objected on the ground that the amount due them was not in issue ; — stating that when the " demurrer was overruled leave was given to join the doctors as parties," and that the defendant had not done so. A long colloquy ensued, and the whole matter was disposed of by the judge in these words: " It seems to me, inasmuch as the defendant has not made any motion, there is no reason the thing should not go on. The suggestion here apparently is, it should be the motion of the defendant. Evidently the statement is, if it is made to appear upon motion that the defendant has incurred liabilities on the plaintiff's behalf, of course the defendant would be the one who would ask to have the other parties brought in. The plaintiff does not care whether the defendant has incurred liabilities or not, but if the situation is such that the defendant finds the money going from him, and that he has incurred liabilities, then he may have them brought in, so that they shall be settled with, here in court. That would be my interpretation upon this memorandum here. Therefore I see no reason why we should not go on with the case at present."

In a report of the material facts found by the judge, made in pursuance of a request under R. L. c. 159, § 23, it is stated

that: "Each party disclaimed any desire to have the physicians made parties to the bill."

In deciding the appeal from the order overruling the demurrer we do not find it necessary to pass upon the right of a client to maintain a bill in equity against his attorney in all cases. See in this connection Langdell's Brief Survey of Equity Jurisdiction, 98; *Powers* v. *Cray*, 7 Ga. 206; *Badger* v. *McNamara,* 123 Mass. 117; *Campbell* v. *Cook,* 193 Mass. 251. *King* v. *Rossett,* 2 Y. & J. 33; *Navulshaw* v. *Brownrigg,* 1 Sim. (N. S.) 573; 2 DeG., M. & G. 441; *Moxon* v. *Bright,* L. R. 4 Ch. 292.

It was not suggested in the bill that any one but the plaintiff was liable for these doctors' bills. That was set up for the first time in the answer. The case stated in the bill is that of an attorney undertaking against his client's instructions to use his client's money in paying more than the client thinks is due on a debt due from the client. The client under those circumstances is entitled in our opinion to go into equity and have the attorney enjoined.

The defendant complains that he is personally liable for the bills due the doctors, and that he has a lien on the moneys in his hands for the liability so incurred. The answer to that is that he was given an opportunity, when the case was tried on the merits, to have the doctors summoned in and the amount of his lien established although he had not set it up in his answer. And he did not elect to do so. The defendant had no right to retain the money in his hands indefinitely to secure himself against loss on these debts. The loss of his lien was through the defendant's own fault in not taking the proper steps to enforce it.

*Decree for plaintiff affirmed.*

The case was submitted on briefs.

*C. E. Washburn, pro se.*

*R. Gallagher & W. P. Fowler,* for the plaintiff.