## HALES W. SUTER *vs.* NATHAN MATTHEWS.

Suffolk. March 27. — June 20, 1874. AMES & DEVENS, JJ., absent.

In this Commonwealth equity has no concurrent jurisdiction in a case of fraud where there is a plain and adequate remedy at law.

A bill in equity brought by S. against M. alleged that M. by false and fraudulent representations obtained from S. certain sums of money, a negotiable note, and a number of shares of railroad stock as collateral security therefor, and prayed for the repayment of the money, the surrender and cancellation of the note, and the return of the stock to the plaintiff. It appeared in evidence that M. indorsed the note before it was due to a bank, and deposited the shares with it as collateral ; that S. knew this before the maturity of the note ; and that the note not being paid when due, the shares were sold, and the amount received credited on the note. The stock was purchased by S. at the sale. M. then sued S. on the note, and this action was pending when the bill in equity was brought. *Held*, that the bill could not be maintained, as the plaintiff had a plain and adequate remedy at law.

BILL IN EQUITY. The case was heard by *Ames*, J., who ruled that the bill could not be maintained for the reason that the plaintiff had a plain and adequate remedy at law, and reserved this question for the consideration of the full court, and also the question whether upon the evidence the bill could be maintained. The nature of the case appears in the opinion.

*S. Bartlett & C. T. Russell*, for the plaintiff.

*D. Foster*, for the defendant.

WELLS, J. The plaintiff's bill alleges that he has paid the defendant certain sums of money, has given to the defendant his promissory note for $25,000, and deposited as security therefor

certain certificates of shares of corporate railroad stock; that all these have been obtained from him under the pretence and representation that the defendant had, at the plaintiff's request, purchased for him five hundred shares of stock in the Boston Water Power Co., had advanced the commissions and purchase money for the same, and was carrying the stock for the accommodation of the plaintiff; and that such pretence and representation were false and fraudulent.

The relief sought is, 1st, that the note may be declared void, and ordered to be surrendered and cancelled; 2d, that the certificates of stock deposited as collateral may be restored to him; 3d, repayment of the sums of money which he has paid.

One defence, relied on in the answer, is that there is full, complete and adequate remedy at law. In aid of this defence it avers that the defendant has already commenced an action upon the note, which is now pending in this court, as a court of law: also that, before the maturity of the note, the defendant indorsed it to the National Bank of the Commonwealth, and transferred to the bank the certificates of stock; that, upon the dishonor of the note, the stock was sold by the bank and the proceeds applied in part payment of the note; and that the plaintiff was informed and knew of the fact of such indorsement and transfer before the maturity of the note, and also of the sale of the stock afterwards, and that he became the purchaser thereof, and now holds the same by himself or by some friend for his use and benefit.

It appears from the plaintiff's own testimony that these facts are as alleged in the answer.

. The note being now in the defendant's hands, cannot be again transferred so as to avoid the plaintiff's defence. That defence is just as complete and available at law as in equity.

The plaintiff, having already secured control of the identical shares of stock, cannot have, nor does he require specific relief for their restoration to him. His only claim, in that respect, is now reduced to that of compensation, the measure of which is the cost of the repurchase. It has become a money claim, recoverable at law upon the money counts in implied assumpsit; the money so paid having been applied to the note in pursuance of the defendant's order and authority.

It is true that this repurchase was made after the bill was filed. But before filing his bill the plaintiff knew that the stock was held by the bank. By joining the bank as defendant and preventing the sale he might have secured specific relief. Omitting to do so, and securing control of the stock through the sale by the bank, he is not in the condition of one who has been deprived of specific relief to which he was entitled, or supposed himself to be, when he brought his bill, by the act of the defendant and without fault on his own part. *Milkman* v. *Ordway*, 106 Mass. 232. Under this bill he could not have prevented the sale; and, if the stock had been sold to a stranger, he could have recovered only the same damages for its conversion as he would recover in an action at law.

His cause of complaint in this particular, having now become substantially a liquidated claim for money, as well as that for repayment of the several sums of money which the plaintiff has paid directly to the defendant, may be joined in one action of assumpsit. Or the latter might have been, and perhaps may still be filed under a declaration in set-off in the action already commenced against this plaintiff upon the note; and the plaintiff in that suit would then be unable to escape a judgment upon it by discontinuance of his suit. Gen. Sts. *c.* 130, § 21.

The position of the counsel for the plaintiff is doubtless correct, that in the English courts a concurrence of jurisdiction is recognized and maintained; and that in very many cases, especially in matters of fraud, jurisdiction in equity is upheld and exercised, notwithstanding the existence of a plain and adequate remedy at law. It is often so even where the remedy must be precisely the same in either court. But the mode in which chancery powers have been conferred upon this court, and the restrictions imposed upon their exercise, require the application of a different rule of practice in this respect, from that which the English courts have sometimes followed. The considerations bearing upon this point are set forth in *Jones* v. *Newhall, ante,* 244, considered and determined at the same time with this case. It may be added that the recent enactments making parties witnesses for and against themselves, and giving the right to interrogate each other in writing, remove one ground which formerly had much influence upon the question whether a party defrauded should find relief in

equity or be remitted to his remedy at law upon such proofs as were there attainable.

The rule in Massachusetts and the reasons for it, as stated in *Jones* v. *Newhall*, apply to cases of fraud as well as to other matters of equitable jurisdiction. We are satisfied that the ruling of the single justice, before whom the case was heard, was correct, that the bill cannot be maintained, for the reason that the plaintiff has a plain and adequate remedy at law.

*Bill dismissed.*