WILLIAM B. FRUE vs. ELISHA T. LORING.

Suffolk. March 22. — Sept. 9, 1876. DEVENS & LORD, JJ., absent.

A bill in equity alleged an agreement between the plaintiff and defendant that the plaintiff's shares of stock, allotted to him on the formation of certain mining companies, should be issued to the defendant as trustee, to be held by him until the assessments, to become due from the plaintiff thereon, should be paid; that the plaintiff had paid more than was due on his shares, as shown by an account annexed to the bill; that the defendant had sold the shares and appropriated the proceeds; and prayed for an account, for the balance due on the over-payment of the assessments, and for payment of the highest value of the stock since the plaintiff became entitled to it. *Held*, on demurrer, that the plaintiff had a plain, adequate and complete remedy at law.

BILL IN EQUITY. The defendant demurred for want of equity, and on the ground that the plaintiff had a plain, adequate and complete remedy at law. The case was heard on the bill and demurrer by *Wells*, J., and reserved for the consideration of the full court. The material allegations of the bill appear in the opinion.

*C. A. Welch*, for the defendant.

*B. F. Thomas*, for the plaintiff, cited *Hobart* v. *Andrews*, 21 Pick. 526, 533; *Raynham Congregational Society* v. *Trustees of Fund in Raynham*, 23 Pick. 148, 153; *Burlingame* v. *Hobbs*, 12 Gray, 367; *Safford* v. *Rantoul*, 12 Pick. 233; *Bryant* v. *Russell*, 23 Pick. 508, 521; *Ward* v. *Lewis*, 4 Pick. 518; *Wright* v. *Dame*, 22 Pick. 55; *Bowditch* v. *Banuelos*, 1 Gray, 220, 229; *Fowle* v. *Lawrason*, 5 Pet. 495, 503.

COLT, J. The equity jurisdiction of this court, by the terms of the statute, embraces suits and proceedings for enforcing and regulating the execution of trusts, whether the trusts relate to real or personal estate, subject to the general provision which excludes such jurisdiction where the parties have a plain, adequate and complete remedy at common law. Gen. Sts. *c*. 113, § 2.

The plaintiff seeks to charge the defendant as trustee for the appropriation to his own use of certain shares of stock held in trust. The bill alleges an agreement between the parties and certain other persons named for the purchase of mining lands on Lake Superior and the formation of mining corporations; the

subsequent formation of two companies, and the conveyance to them of the land purchased; the allotment of shares among the proprietors; and the agreement between the plaintiff and the defendant that the plaintiff's shares should be issued to the defendant as trustee, to be held by him until the assessments, to become due from the plaintiff thereon, were paid. It then alleges the plaintiff's payment of more than was due on his shares, referring to annexed exhibits for the state of the account; and charges the defendant with the wrongful sale of the shares and the appropriation of the proceeds. It expressly waives the defendant's oath to his answer and seeks no discovery as incidental to the relief. The prayer is for an account, for payment of the balance due over the assessments paid, and payment of the highest value of the stock since the plaintiff became entitled to it with all dividends, and for general relief. The question is whether the bill shows a case in which there is not an equally effectual remedy at law.

It is plain, from the allegations in the bill, that the only matter in controversy is the plaintiff's title to the shares of stock in question, and his right to claim that the defendant shall make their value good to him. He does not seek to obtain the control of trust property in the possession of the trustee; but he avers that it has been sold, and we assume that it is now held by the purchaser by good title, discharged of the trust. His claim is reduced to a claim for compensation in damages for the conversion of property of which he claims to have been owner. His right will be determined by settling his title to the property. He seeks no discovery, and there is nothing in the case to show that his right to compensation may not be the same in measure, and that his title may not be as completely and adequately enforced at law as in equity. The jurisdiction in equity extends, it is said, equally to express and implied trusts; *Wright* v. *Dame*, 22 Pick. 55; and yet it has never been contended that it embraced all such cases of implied trust as arise out of the relations created by a pledge or mortgage of personal property, or a transfer of choses in action, or shares in a corporation to be held as collateral security for the payment of money, or which might arise between principal and agent, or between bailor and bailee, unless there were facts alleged showing either the need of a dis-

covery in support of the bill, or relief in some form peculiar to courts of equity. In none of the cases cited by the plaintiff, in which the objection has been taken by demurrer, will be found a clear departure from this rule. In most of them an account of the trust, or a discovery, or a delivery of trust property, was prayed for. *Hobart* v. *Andrews*, 21 Pick. 526. *Raynham Congregational Society* v. *Trustees of Fund in Raynham*, 23 Pick. 148. *Burlingame* v. *Hobbs*, 12 Gray, 367.

The rule of damages in equity cannot be more favorable than at law to the plaintiff, when he asks compensation only for the conversion of his property.

Nor can this bill be maintained under the jurisdiction given to this court in suits upon accounts, when the nature of the account is such that it cannot be conveniently and properly adjusted and settled in an action at law. It is not shown by sufficiently distinct allegations that there is any peculiar difficulty in ascertaining the true state of the account between the parties. It is not charged that there has been any refusal to render an account; the charge is rather that the defendant refused to account for the proceeds of the stock sold. The elements and means of stating the account appear to be accessible to the plaintiff, for he annexes to his bill a full statement of its items. The real question is of the ownership of the stock, and that question does not appear by the bill to depend upon " long, complicated and cross accounts." It is said that courts of equity will decline to take jurisdiction under this head where the accounts are all on one side ; or where there is a single matter on the side of the plaintiff and mere set-offs on the other side, and no discovery is sought. 1 Story Eq. Jur. § 459, note and cases cited. Adams Eq. 222. See also *Locke* v. *Bennett*, 7 Cush. 445, 449 ; *Foley* v. *Hill*, 2 H. L. Cas. 28.

The construction, which we here give to the general clause restricting jurisdiction to cases where the remedy is imperfect at law, is that which has been in many cases recently given under other heads of equity jurisdiction. Thus a bill to redeem a mortgage of personal property was dismissed because it did not show that, from the nature of the property, the peculiar relations of the parties, or the difficulty of ascertaining the amount to be paid or tendered, the mode of redemption pointed out by

the statute was not sufficient to protect the plaintiff's rights *Gordon* v. *Clapp*, 111 Mass. 22; although a similar bill, containing such averments, was maintained in *Boston & Fairhaven Iron Works* v. *Montague*, 108 Mass. 248. So in *Jones* v. *Newhall*, 115 Mass. 244, the court refused to entertain a bill in favor of the vendor for the specific performance of a contract, when all that remained to be done was the payment of money by the defendant; and in *Suter* v. *Matthews*, 115 Mass. 253, it was declared that there was no concurrent jurisdiction in case of fraud where there is a plain and adequate remedy at law. See also *Ward* v. *Peck*, 114 Mass. 121.

*Demurrer sustained.*