ELIPHALET N. BADGER *vs.* JAMES P. McNAMARA & another.

Suffolk. Nov. 22, 1876. — Sept. 5, 1877. AMES, ENDICOTT & SOULE, JJ., absent.

A bill in equity, alleging that the defendant had agreed to pay the plaintiff a certain commission upon merchandise consigned to the defendant, either by the plaintiff or by other persons; that large amounts had been so consigned, but to what extent the plaintiff was ignorant; that the accounts were too complicated to be conveniently adjusted in an action at law; and praying for an account and for a discovery of such other persons, cannot be maintained; either for an account or for discovery, if the bill waives an answer under oath.

BILL IN EQUITY, filed August 9, 1876, against James P. McNamara and M. J. Waldron, copartners, containing the following allegations:

That on the day therein mentioned the plaintiff and the defendants made the following agreement: " This agreement, made this first day of January, eighteen hundred and seventy-five, by Eliphalet N. Badger, of Chelsea, Mass., and James P. McNamara & Co., of Chicago, Ill., witnesseth, that the said Badger agrees to act for said McNamara & Co., as their eastern agent, to solicit consignments of merchandise, receive their money and make advances (at their risk) for account of said McNamara & Co., and attend to the forwarding of such merchandise; to furnish his own office in Boston free of charge, and pay his own travelling expenses. That said McNamara & Co.

agree to pay to said Badger, as compensation for such service, a commission of two per cent. on all rates of merchandise consigned to them from New England, on and after this date, excepting only the parties whose names are recorded on the back of this agreement. It is further agreed, that said Badger may draw for one hundred dollars per month ; and that every ninety days said McNamara will make up and settle the account in full. This agreement may be cancelled by either party whenever dissatisfied with its terms or its fulfilment, on giving a written notice to the other party, it being understood and agreed that said Badger shall receive his commission on all goods consigned up to the date of such cancelling, unless some other settlement can be mutually agreed upon." [On the back of this agreement were the names of certain persons and firms.]

That from January 1, 1875, to August 1, 1876, the plaintiff acted under this agreement as the eastern agent of the defendants, and faithfully performed the whole duty required of him under the agreement.

That on July 20, 1876, the defendants gave the plaintiff, and he received, a written notice of the cancellation of the agreement, and that the cancellation would take effect on August 1, 1876.

That while the agreement was in force, very large amounts of merchandise were received and sold by the defendants, consigned to them by persons and firms in New England other than those excepted on the back of the agreement; that the amounts and value and articles of all the merchandise so received and sold by the defendants, the plaintiff is ignorant of, but he is informed and believes and avers that the sales thereof amount in all to $400,000.

That while the agreement was in force, the plaintiff repeatedly called upon the defendants to render to him accounts, as provided by the agreement, but that they have always refused to, and have never rendered him an account.

That the plaintiff has no means of ascertaining, and does not know, the names of the persons and firms, other than those excepted on the back of the agreement, who consigned merchandise from New England to the defendants during that period but he is informed and believes and avers, that more than two

hundred persons and firms, other than those excepted on the back of the agreement, consigned merchandise from New England to the defendants, and that the defendants received and sold the same during that period; that the defendants refuse to disclose to the plaintiff the names of such persons and firms, although thereto requested by him.

That $2350 is the whole amount the plaintiff has received from the defendants under the agreement, but that, by reason of their refusing to render him any account whatever, and his not knowing, and not having the means to ascertain, the names of the persons and firms other than those excepted on the back of the agreement, who consigned merchandise from New England to the defendants during that period, and the defendants refusing to disclose such names, he is unable to state the sum of money the defendants now owe him, but he is informed and believes and avers it to be $5000.

That the nature of the accounts is such that they cannot be conveniently and properly adjusted and settled in an action at law.

The bill waived an answer under oath, and prayed for an account, a discovery of the names of those who had consigned merchandise to the defendants from New England, other than those named on the back of the agreement, and for further relief.

The defendants demurred, on the ground that the plaintiff had a plain, adequate and complete remedy at law.

Hearing, on the bill and demurrer, before *Devens*, J., who overruled the demurrer; and the defendants appealed to the full court.

*J. Fox*, for the defendants.

*E. S. Mansfield*, for the plaintiff, cited *Ferry* v. *Henry*, 4 Pick. 75; *Miller* v. *Lord*, 11 Pick. 11, 25; *Ewer* v. *Hobbs*, 5 Met. 1, 7; *Bartlett* v. *Parks*, 1 Cush. 82, 86; *Locke* v. *Bennett*, 7 Cush 445, 449; *Hallett* v. *Cumston*, 110 Mass. 32.

GRAY, C. J.   In order to maintain a bill in equity for an account, it must appear from the specific allegations that there was a fiduciary relation between the parties, (which is not here contended,) or that the account is so complicated that it cannot be conveniently taken in an action at law.   The general allegation that the account is of such a character is not sufficient to sustain

the jurisdiction in chancery. The object of the present bill is to recover a fixed commission upon merchandise consigned to the defendants, either by the plaintiff or by other persons. The plaintiff must know the amounts of his own consignments, and he expressly waives the oath of the defendants. He therefore makes no case for invoking the equity jurisdiction of this court, either for relief or for discovery. *Frue* v. *Loring*, 120 Mass. 507. *Blood* v. *Blood*, 110 Mass. 545. *Fowle* v. *Lawrason*, 5 Pet. 495. *Dinwiddie* v. *Bailey*, 6 Ves. 136. *Foley* v. *Hill*, 2 H. L. Cas. 28. *Smith* v. *Leveaux*, 2 De G., J. & S. 1. *Moxon* v. *Bright*, L. R. 4 Ch. 292.

The case wholly differs from those between partners, or in which, though the parties may not be technically partners, the account between them is to be settled upon the same principles as if they were, and requires the investigation of mutual charges and credits, as in *Bartlett* v. *Parks*, 1 Cush. 82, and *Hallett* v. *Cumston*, 110 Mass. 32.

<div align="right">

*Demurrer sustained and bill dismissed.*