DANIEL R. PRATT & another vs. BRONSON B. TUTTLE
& others.

Worcester. Oct. 4, 1883. — Jan. 29, 1884. FIELD & W. ALLEN, JJ., absent.

A bill in equity may be maintained for an account of the net profits of the sale of goods, made and sold under patents belonging to or controlled by the plaintiff, in pursuance of an agreement between him and the defendant, by which the latter was to purchase the patents, and to that end was to make and sell the patented articles and pay over one half the net profits to the plaintiff until the whole agreed price was paid, whereupon the patents were to be transferred; but not against a corporation, nearly all the stock of which is owned by the defendant, and which, as was intended by the defendant when he made the contract with the plaintiff, has done the work and made the profits, as the defendant's agent, with full knowledge of the contract.

HOLMES, J.   This is a bill in equity for an account of the net profits of the sale of certain patented wares, which were made and sold under patents belonging to, or controlled by, the plaintiffs, in pursuance of agreements between the plaintiffs and the defendants Tuttle and Whittemore.   By these agreements, Tuttle and Whittemore were to purchase the patents, and, to that end, were to make and sell the patented articles and pay over one half the net profits to the plaintiffs until the whole agreed price was paid, whereupon the patents were to be transferred.   The Tuttle and Whittemore Manufacturing Company, a corporation which has actually done the work, is joined as a defendant.   All the defendants demur.

There is no doubt that the bill can be maintained against Tuttle and Whittemore.   They have agreed to turn over net profits as such.   Their obligation is not a simple debt, like that of bankers; *Foley* v. *Hill*, 2 H. L. Cas. 28; nor a personal obligation to pay a sum of money from their general funds by way of royalty; but they have made themselves trustees, or quasi trustees, of a specific identified fund, which it is alleged that they have received and not paid over.   Such a fiduciary relation founds the equitable jurisdiction invoked, as well as cross demands and complexity of accounts.   *Badger* v. *McNamara*, 123 Mass. 117, 119.   *Mackenzie* v. *Johnston*, 4 Madd. 373.   *Foley* v. *Hill*, 2 H. L. Cas. 28, 35.   *Padwick* v. *Stanley*, 9 Hare, 627, 628.   *Hemings* v. *Pugh*, 4 Giff. 456, 459.   *Moxon* v. *Bright*, L. R. 4 Ch. 292, 295.   See *Barry* v. *Stevens*, 31 Beav. 258.

But the demurrer of the defendant corporation must be sustained. All that is alleged against it is that Tuttle and Whittemore own nearly all the stock in it; that when they made their contracts, they intended to perform them, or a part of them, through its agency; and that, in fact, it has done the work and made the profits to be done and made by Tuttle and Whittemore, as their creature and agent, with full knowledge of their contracts above mentioned. But all this may be true without making the corporation accountable to the plaintiffs.

While it is assumed that the work was lawfully done by the corporation, and there is no attempt to charge it as an infringer of the plaintiffs' patents, which could not be done in this court, there is no allegation that the company has been substituted for Tuttle and Whittemore as a party to the contract, but the contrary is implied. The fact that it has done the work in their place is therefore immaterial, taken by itself.

Tuttle and Whittemore's control over the corporation again is no ground for a decree against it; but rather the reverse. It is not shown that Tuttle and Whittemore are using it, or taking advantage of the legal difference between the corporation and its members for any fraudulent purpose. The bill does not charge that it is necessary for accounts to be taken, or payments to be made, between the corporation and Tuttle and Whittemore, before they can pay, or know what to pay, the plaintiffs, if such an allegation would make any difference; nor that the corporation has profits in its hands, in which the plaintiffs have an interest. If the latter allegation were made, the corporation being the mere creature, agent, and servant of Tuttle and Whittemore, the question would remain whether its possession was not their possession, and whether equity would attempt to convert an agent into a trustee. *Nickolson* v. *Knowles*, 5 Madd. 47. *Morgan* v. *Stephens*, 3 Giff. 226, 236., *Crawshay* v. *Thornton*, 2 Myl. & Cr. 1, 22. But that question we do not consider.

*Ordered accordingly.*

*H. L. Parker*, for the defendants.
*F. P. Goulding*, for the plaintiffs.