EDWARD P. TUTTLE *vs.* BATCHELDER AND LINCOLN
COMPANY.

WALTER S. SMITH *vs.* SAME.

Suffolk.    December 15, 1897. — February 25, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Agreement between Corporation and Shareholder as to Sale of Shares — Fraud
— Damages — Equity — Remedy at Law.*

A bill in equity, which is in effect for the assessment of damages in consequence of the fraud of the defendant corporation in causing the plaintiff's stock, as provided by a written agreement, to be appraised for the purpose of selling the same to the defendant and of its violation of the agreement, is rightly dismissed, on demurrer; as the plaintiff has a plain, adequate, and complete remedy at law.

TWO BILLS IN EQUITY, filed June 7, 1897, by shareholders in the defendant corporation, who had sold their shares to the defendant according to a written agreement providing for the appraisal and the sale of the shares, alleging fraud in the appraisal and praying for an accounting; for the ascertaining of

the value of the good will of the business of the defendant; and for a decree compelling the defendant to pay to the plaintiffs the excess of the value of the shares over the amount per share which they had received.

The cases were heard on that part of the answer in each case which was in the nature of a demurrer. It stated that the plaintiffs had a full, complete, and adequate remedy at law; that they were not entitled to a specific performance of the contract, in that it had been executed and that the prayer in each case was for an assessment of damages, and that they were not entitled to equitable relief; and that further they had alleged fraud and did not pray for a rescission of the contract, nor had they tendered or offered to return the consideration received thereunder, and on this ground were entitled to no relief.

Hearing before *Knowlton*, J., who was of opinion that the remedy was in another form of proceeding, and, the plaintiffs not desiring to amend, reported the case for the consideration of the full court. The facts appear in the opinion.

*J. C. Ivy*, for the plaintiffs.

*J. A. Brackett*, for the defendant.

MORTON, J. These cases were heard on that part of the answer in each case which is in the nature of a demurrer.

The bill alleges in both cases, in substance, that the plaintiffs were the owners of certain shares in the defendant corporation; that it was agreed between the shareholders and the corporation, according to an agreement of which a copy is annexed to the bills, that if a shareholder should wish at any time to sell his stock it should be appraised by the directors, and upon payment to him of such appraisal he should transfer his stock to the corporation; that the plaintiffs requested the defendant to appraise their shares for the purpose of selling the same to it; that such appraisal was had; and that, upon receiving the amount at which their shares had been appraised, the plaintiffs duly transferred them to the defendant corporation, believing that the sum received was the fair value thereof, and that the shares had been appraised impartially and in good faith. The bills also allege, in substance, that the stock is not for sale in the market; that it was the duty of the directors to appraise the same faithfully and impartially, but that the appraisal was

not made in good faith, and was a pretended appraisal; and that the defendant, its officers and agents, intending to deceive and defraud the plaintiffs, and to get their stock for their co-shareholders and themselves at much less than its fair value, appraised it at one hundred and ten dollars per share, when its value was two hundred dollars per share and more. The bills further allege that according to the agreement the value of the shares cannot be ascertained except by taking an account of stock and by a careful examination of the accounts, and that the value of the good will, which it is provided in the agreement shall be reckoned as an asset in arriving at the value of the shares, cannot be determined without an examination by experts of the condition and volume of the business. The bills charge that the plaintiffs have requested the directors to make a fair and impartial appraisal of their shares, but that they have neglected to do so, and aver that they are ready to account according to the agreement, and offer to pay the difference, if any, between the fair value of the shares and the amount which they have received, and pray that the agreement may be specifically performed by the defendant, that an account may be taken, and the fair value of the goods, wares, and merchandise of the defendant determined, that the value of the good will may be ascertained, and that the defendant may be decreed to pay to the plaintiffs the excess of the value of said shares over the one hundred and ten dollars per share which they have received.

Very likely the facts would have made out a case for rescission if the bills had been so framed. But the plaintiffs do not seek to have the sale set aside or rescinded. On the contrary, the sale is to be allowed to stand. In effect the bill is for the assessment of damages in consequence of the fraud of the defendant in causing the stock to be appraised in the manner in which it did, and of its violation of the agreement. For this the plaintiffs have a plain, adequate, and complete remedy at law. *Jones v. Newhall,* 115 Mass. 244. *Suter v. Matthews,* 115 Mass. 253. We think that the entry must be,

*Bills dismissed.*