THOMAS Z. LEE & others *vs.* HARRY G. FISK & others, administrators.

Hampden.    September 28, 1915. — October 13, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* Of bill for maliciously inducing corporation not to pay dividend on preferred stock, To enforce trust, For an accounting. *Survival of Actions. Trust,* Creation. *Corporation,* Preferred stock.

Assuming that one, who is the treasurer and a director of a manufacturing corporation, stands in a fiduciary relation toward the corporation, he does not stand in such a relation toward the individual stockholders, and a holder of preferred stock in such a corporation cannot maintain a suit in equity against the administrator of the estate of a person who as the treasurer and a director of the corporation maliciously persuaded and induced the directors not to apply its net earnings to the payment of dividends on its preferred stock, where it does not appear that the estate of the defendant's intestate received any pecuniary benefit from the intestate's alleged wrong to the preferred stockholders; because, if there was a ground for relief against the intestate, it does not survive against the administrator of his estate.

A suit in equity cannot be maintained against the administrator of the estate of a deceased treasurer of a corporation by a holder of preferred stock in the corporation for an accounting in order to ascertain whether the corporation had a net surplus which its board of directors should and would have applied to the payment of dividends on preferred stock had they not wrongfully been persuaded and induced not to do so by the defendant's intestate who stood in no fiduciary relation to the plaintiff.

BILL IN EQUITY, filed in the Superior Court on June 29, 1914, by certain holders of the preferred stock of the Knox Automobile

Company, a corporation, against the administrators of the estate of Alfred N. Mayo, who was the treasurer and a director of that corporation and who, it was alleged, maliciously induced the corporation to break its contracts with the plaintiffs in regard to the payment of dividends on its preferred stock and in regard to the redemption of their stock. The bill prayed for an accounting of the funds and property of the Knox Automobile Company that were applicable as net earnings to the payment of the dividends then in arrears on its preferred stock, for an assessment of damages and for further relief.

The defendants demurred to the bill, and the case came on to be heard upon their demurrer before *Jenney,* J., who made an interlocutory decree sustaining the demurrer, and, being of opinion that the questions raised so affected the merits of the controversy that the correctness of the interlocutory decree ought to be determined before the entry of any decree dismissing the bill, reported the case for determination by this court, such order or decree to be entered as justice and equity might require.

*W. H. Garland,* (*R. F. Hooper* with him,) for the plaintiffs.

*C. H. Beckwith,* for the defendants.

PIERCE, J. This suit, like the action at law, *supra,* 80, between the same parties, is before this court upon report following an interlocutory decree sustaining a demurrer to the bill. The bill asks for no relief peculiar to courts of equity, but merely seeks for compensation in damages for the reason, as stated in the plaintiffs' brief, that "The defendants' intestate, Mayo, maliciously and without justifiable cause induced the Knox Company to break its contract with the plaintiffs both in respect to the payment of dividends and to the redemption or repurchase of their stock *pro rata.*"

The facts stated in the bill are in amplified form those alleged in the declaration in the action at law. In that case we were of opinion that the action at law did not survive, and that determination is decisive of this suit unless the personal representatives have benefited by the intestate's wrong, or unless Mayo held toward the preferred stockholders a fiduciary relation. *Phillips* v. *Homfray,* 24 Ch. D. 439, 454. *Peek* v. *Gurney,* L. R. 6. H. L. 377, 392, 395. *Houghton* v. *Butler,* 166 Mass. 547, 548. *Jenks* v. *Hoag,* 179 Mass. 583. *Lovejoy* v. *Bailey,* 214 Mass. 134, 154.

It is not stated in the bill directly or inferentially that the estate received by the defendants has been pecuniarily benefited by the intestate's alleged wrong to the preferred stockholders. See *Clark* v. *Seagraves,* 186 Mass. 430, 437.

The bill asks for an account as a means to an end. It seeks thereby not relief but discovery to sustain the allegation that the company, on July 30, 1910, and thereafter until November 1, 1910, had a net surplus of $417,126.24, which the board of directors should and would have applied to the payment of "accrued dividends" and the redemption of stock had not Mayo wrongfully persuaded and induced the directors to refuse to do.

A bill in equity will not lie for such a purpose because the remedy at law is adequate, full and complete. *Phillips* v. *Phillips,* 9 Hare, 471. Indeed a bill for an accounting, in the absence of complications or of fiduciary relations between the parties, does not lie unless each of the two parties has received and paid on the other's account. *Phillips* v. *Phillips, supra. Hemings* v. *Pugh,* 4 Giff. 456. *Pratt* v. *Tuttle,* 136 Mass. 233.

It may be conceded that the relation which the treasurer and directors of a corporation bear to it is fiduciary, and that an action to recover money or property misappropriated survives to the corporation; *Von Arnim* v. *American Tube Works,* 188 Mass. 515; *United Zinc Companies* v. *Harwood,* 216 Mass. 474, 476; but we are unable to find any authority for the position that that relation to the corporation extends to individual stockholders. Compare *Smith* v. *Hurd,* 12 Met. 371; *Percival* v. *Wright,* [1902] 2 Ch: D. 421.

We need not consider whether the bill be multifarious or whether the alleged right be capable of assignment. See *United Zinc Companies* v. *Harwood,* 216 Mass. 474.

The entry must be

*Demurrer sustained; bill dismissed.*