BERTHA CRAINE *vs.* REDDICK J. ROYSTER & another.

Suffolk.    January 19, 1926. — February 26, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* Accounting.

By a bill in equity a plaintiff sought an accounting from the defendant. The answer did not set up an account stated or an accord and satisfaction between the parties. A master found in substance that there was a fiduciary relation between the plaintiff and the defendant; that, when the plaintiff sought a settlement, the defendant stated that there was due him from the plaintiff $2,340; that the plaintiff objected to some items but gave to the defendant a note in that amount secured by a mortgage; and that the plaintiff had paid the mortgage note and that its amount was too large by $1,344.80. A final decree ordered the payment by the defendant to the plaintiff of that amount. The defendant appealed. *Held,* that in the circumstances the court had jurisdiction in equity to examine the entire account of the plaintiff and the defendant.

BILL IN EQUITY, filed in the Superior Court on July 2, 1923, and afterwards amended, seeking an accounting.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. Exceptions by both parties related to findings of fact. The suit was heard upon the master's report and the exceptions by *Hammond*, J., by whose order a final decree was entered overruling all exceptions except two of the plaintiff, and ordering the defendant to pay the plaintiff $1,361.45 and costs. The defendant appealed.

The case was submitted on briefs.

*J. P. Williams*, for the defendants.

*J. W. Allen, E. H. Abbot, Jr., & H. W. Packer*, for the plaintiff.

CARROLL, J.   In this suit in equity the plaintiff asked that the defendant Reddick J. Royster (hereafter referred to as the defendant) account to her "for his management and care of the properties" described in the bill.   The bill alleges that the defendant took "advantage of the plaintiff's ignorance of business matters and of her confidence in him," and secured from the plaintiff a mortgage.

The case was referred to a master who found that the plaintiff conveyed certain real estate to the defendant's wife; that the defendant agreed to manage said real estate for the plaintiff, it having been conveyed to secure the defendants for payments made to the plaintiff, and for any indebtedness the defendant might incur in the management of it.

The plaintiff became dissatisfied with the defendant's administration of her affairs and demanded a return of the property. ' The defendant agreed to reconvey to the plaintiff, on the payment to him of his debt.   There was a dispute between the parties as to the amount due the plaintiff. Finally, reconveyance of the real estate was made and the plaintiff executed a mortgage to the defendant in the sum of $2,340.   The master found that the plaintiff believed the statements of the defendant showing that she owed him $2,340, but that she questioned two items included in the same, amounting to $442.21, which the defendant agreed to verify.   The master also found that, the plaintiff having paid in full the amount of the mortgage note, $2,340, there was due from the defendant to the plaintiff the sum of

$1,344.80. A decree was entered that the defendant pay the plaintiff the sum of $1,361.45.

The defendants' exceptions were overruled properly. The evidence is not reported, and the master's findings of fact must stand.

The defendant did not allege in his answer that an account had been stated between the plaintiff and the defendant. The case was sent to the master, without objection by the defendant, under a rule requiring the master to hear the parties and their evidence, examine their vouchers and accounts, and report his findings to the court. Where there is fraud, an account may be opened in equity. *Fordyce* v. *Dillaway*, 212 Mass. 404, 411. If there is no fraud, the plaintiff may be allowed to surcharge and falsify, that is, he may be permitted under proper pleadings to show that a proper credit has been omitted, or that an incorrect charge has been inserted; but if there is fraud, or a breach of a fiduciary relation, the entire account may be examined. See *Braman* v. *Foss*, 204 Mass. 404, 411, 412; *Union Bank* v. *Knapp*, 3 Pick. 96, 113; *Farnam* v. *Brooks*, 9 Pick. 212, 228, 250.

The question of an account stated was not raised by the pleadings. See 1 C. J. 627. There being a fiduciary relation between the plaintiff and the defendant, the court had jurisdiction in equity to examine the entire account of the plaintiff and her agent, in the management of her property. *Pratt* v. *Tuttle*, 136 Mass. 233. *Campbell* v. *Cook*, 193 Mass. 251.

*Decree affirmed with costs.*