BENJAMIN E. WATERS & others *vs.* WILLIAM A. BOYDEN.

Plymouth. March 4, 5, 1931. — June 1, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* Adequate remedy at law. *Agency,* Accounting by agent.

A bill in equity contained allegations that the plaintiffs were engaged in the business of managing, renting and subleasing a large business block and employed the defendant to act as agent for them in the management, including the collection of rents, the making of repairs, the placing of insurance and the renting and subleasing of the various parts of the property, and paid him a stipulated remuneration; that while acting as such agent the defendant negotiated a sublease with a corporation and, in violation of his fiduciary relations to the plaintiffs as their agent, and in fraud of the plaintiffs, received from the corporation a bribe of $5,000 for negotiating the sublease upon terms which were considered by the corporation to be favorable to itself. The plaintiffs did not discover the fraud until eight years later. The prayer of the bill was for an accounting as to the $5,000 and interest. The defendant demurred. *Held,* that, it appearing that the defendant was accountable to the plaintiffs in a sum certain, the plaintiffs had a complete remedy at law and the bill should not be retained merely because the obligation of the defendant was equitable as well as legal.

BILL IN EQUITY, filed in the Superior Court on May 22, 1930, and afterwards amended, described in the opinion.

The defendant demurred. The demurrer was heard by *Fosdick,* J., and there were entered an interlocutory decree sustaining it, and a final decree dismissing the bill. The plaintiffs appealed from both decrees.

*H. W. Ogden,* for the plaintiffs.

*C. C. Reed,* (*J. W. Keith* with him,) for the defendant.

PIERCE, J. This is an appeal from a final decree in the Superior Court sustaining the defendant's demurrer to

the plaintiffs' bill of complaint, for the reason "That the bill does not state any grounds for equitable relief in that it appears from said bill that the plaintiffs have a full, complete and adequate remedy at law."

The facts alleged in the amended bill of complaint, which are admitted for the purposes of the suit by the demurrer, are in substance as follows: The plaintiffs and one Ripley, now deceased, were colessees of a large business block containing a number of stores, a restaurant and a theatre, and were engaged in the business of managing, renting and subleasing it. They engaged the defendant to act as agent for them in the management, including the collection of rents, the making of repairs, the placing of insurance and the renting and subleasing of the various parts of the property, on account of which the plaintiffs and Ripley paid to the defendant a stipulated remuneration. During the year 1919, while the defendant was acting as such agent, he entered into negotiations with D. A. Schulte, Inc., a corporation, for the subleasing to it of the entire first floor of the building, and as a result of these negotiations a sublease to the corporation was executed. The defendant, in violation of his fiduciary relations owed to the plaintiffs as their agent, and in fraud of the plaintiffs, received from the corporation a bribe of $5,000 for negotiating the sublease upon terms which were considered by the corporation to be favorable to itself. He did not notify the plaintiffs that he was to receive or had received any commission or fee from the corporation and the plaintiffs did not learn that such was the fact or the amount of the commission or fee until the trial of the action of D. A. Schulte, Inc. against the plaintiffs during November, 1927.

The plaintiffs pray "(1) That the defendant be required to account for and to pay over to the plaintiffs the said $5,000 together with interest thereon from the date of the payment to the defendant and that execution issue therefor. (2) For such other and further relief as to the court may seem proper."

The question for decision is, Are the accounts between the plaintiffs and the defendant of such a nature that they

cannot be conveniently and properly adjusted and settled in an action at law? The relation of principal and agent may partake of a fiduciary character — ordinarily it does not — and consequently the general rule is that the mere relation of principal and agent is not sufficient to warrant a decree for an accounting. *Campbell* v. *Cook,* 193 Mass. 251, 256. *Putnam* v. *Scahill,* 266 Mass. 537, 539. It was said in *Morison* v. *Thompson,* L. R. 9 Q. B. 480, at page 486: "In our judgment the result of these authorities is, that whilst an agent is bound to account to his principal or employer for all profits made by him in the course of his employment or service, and is compelled to account in equity, there is at the same time a duty, which we consider a legal duty, clearly incumbent upon him, whenever any profits so made have reached his hands, and there is no account in regard to them remaining to be taken and adjusted between him and his employer, to pay over the amount as money absolutely belonging to his employer. . . . Under such circumstances the money, being the property of the employer, can only be regarded as held for his use by the agent, and must consequently be recoverable in an action for money had and received." It was also said in *Lister & Co.* v. *Stubbs,* 45 Ch. D. 1, 7, after citing *Morison* v. *Thompson,* L. R. 9 Q. B. 480, "That case appears to me to have decided, first, that there was a right in the plaintiff, the principal, to recover the money from his agent; that, further, there was not merely an equitable demand, but a legal right to recover it, and that the legal right was not for damages, but to receive the ascertained sum in an action for money had and received." See *Putnam* v. *Field,* 103 Mass. 556; *Bianconi* v. *Crowley,* 256 Mass. 187, 189; *Metropolitan Bank* v. *Heiron,* 5 Ex. D. 319. On the facts stated in the bill of complaint the defendant is accountable to the plaintiffs in a sum certain. In such circumstances the plaintiffs have a complete remedy at law and the bill should not be retained merely because the obligation of the defendant is equitable as well as legal. *Maguire* v. *Reough,* 238 Mass. 98. A party "cannot come into equity to obtain precisely what he can have at law. *Jones* v.

*Newhall,* 115 Mass. 244, 249." *Morse* v. *International Trust Co.* 259 Mass. 295, 301. In matters of account "the rule is that where a case is so complicated, or where, from other circumstances, the remedy at law will not give adequate relief, there the Court of Equity assumes jurisdiction." *Foley* v. *Hill,* 2 H. L. Cas. 28, 37. *Moxon* v. *Bright,* L. R. 4 Ch. 292. *Badger* v. *McNamara,* 123 Mass. 117. *C. A. Spencer & Son Co.* v. *Merrimac Valley Power & Buildings Co.* 242 Mass. 176, 180. G. L. c. 214, § 3 (6). Here there is nothing to bring this demand within the precincts of a court of equity.

The decree is affirmed unless on application within thirty days after rescript the plaintiff shall be granted leave by the Superior Court to amend the suit into an action at law.

*Ordered accordingly.*