# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

ARTHUR F. CHAMBERLAIN & others *vs.* THOMAS M. JAMES & others.

Suffolk. February 6, 1935. — February 28, 1936.

Present: CROSBY, FIELD, DONAHUE, & QUA, JJ.

*Equity Jurisdiction,* Remedy at law, Accounting, To relieve from the results of fraud, Discovery. *Fiduciary. Mortgage,* Of real estate: trust mortgage, rights while mortgagor is in possession. *Trust,* What constitutes, For bondholders, Constructive. *Agency,* What constitutes. *Equity Pleading and Practice,* Decree.

No ground for equitable relief appeared in a bill containing averments that the controlling stockholders of a corporation, defendants, "fraudulently, wilfully and negligently" broke a contract with the plaintiffs, holders of bonds of the corporation secured by a second mortgage of its real estate to a trustee for the plaintiffs, the corporation being in default thereunder, in which contract such defendants promised so to manage the mortgaged estate and to apply its income as to prevent foreclosure of a first mortgage and to coöperate with the plaintiffs in a plan of reorganization to preserve the plaintiffs' rights; that, while the plaintiffs relied on those promises and refrained from seeking foreclosure of the second mortgage, such defendants "fraudulently and wilfully" concealed from the plaintiffs their activities in breach of the contract; and that as a result of their breach the first mortgagee foreclosed its mortgage by sale, purchased at the sale, and sold the property to a second corporation which purchased in the interest of such defendants subject to a new first mortgage, the trustee mortgagee not being a party to the suit nor averred to be a party to the contract, and the

prayers of the bill being for an accounting, the nature of which was not described, between such defendants and the first corporation, also a defendant.

On the sustaining of a demurrer to a bill in equity alleging a cause of action at law in the plaintiff but disclosing no ground of jurisdiction in equity, the bill should be dismissed without prejudice.

BILL IN EQUITY, filed in the Superior Court on May 29, 1934.

Demurrers were heard by *Brogna*, J., and were sustained, and a final decree dismissing the bill with costs was entered by order of *Whiting*, J. The plaintiffs appealed.

*F. W. Crocker*, for the plaintiffs.

*W. C. Rogers*, (*B. Berenson* with him,) for the defendants.

FIELD, J. This is a suit brought by the members of a committee acting as agents of the holders of certain mortgage bonds of the defendant Park Square Corporation against that corporation and certain individuals and corporations to compel an accounting between the defendants, other than the Park Square Corporation, and the defendant Park Square Corporation and for the recovery of damages and general relief. The defendants severally demurred on the grounds that the bill of complaint does not state a case which entitles the plaintiffs to equitable relief and that the plaintiffs have a plain and adequate remedy at law, and some of the defendants demurred on other grounds. Interlocutory decrees were entered sustaining the demurrers generally and thereafter a final decree was entered dismissing the bill. From the interlocutory and final decrees the plaintiffs appealed.

The bill contains these allegations: The plaintiffs are members of a committee acting as agents of the holders of certain so called "General Mortgage Bonds" of the Park Square Corporation secured by a mortgage of certain real estate in Boston to The National Shawmut Bank of Boston. as trustee. The defendant Thomas M. James is president and director of the defendant Park Square Corporation and president and director of the defendant Thomas M. James Company. The defendant J. R. Jackson, Jr., is treasurer and director of the defendant Park Square Corporation

and vice-president and director of the defendant A. B. See Elevator Company, Inc. The defendant Howard K. Spaulding is assistant treasurer of the defendant Park Square Corporation and an employee of the defendant A. B. See Elevator Company, Inc. The individual defendants and the corporate defendants Thomas M. James Company and A. B. See Elevator Company, Inc., together own or control substantially all the capital stock of the defendant Park Square Corporation.

The mortgage securing the general mortgage bonds was subject to a first mortgage of the same premises to The Boston Five Cents Savings Bank. The defendant Park Square Corporation defaulted in the payment of an instalment of interest on the general mortgage bonds. Thereafter the individual defendants and the corporate defendants Thomas M. James Company and A. B. See Elevator Company, Inc. — the language of the bill is somewhat obscure as to the defendants alleged to have been the contracting parties but we interpret the language as the plaintiffs have done — agreed with the plaintiffs that in consideration of the plaintiffs as representatives of the bondholders "refraining from exercising the right of foreclosure and the right to take possession under the indenture of mortgage securing the General Mortgage Bonds" these defendants would "manage the mortgaged property so that the interests of the holders of the General Mortgage Bonds would not in any way be jeopardized, would restrict the dividends paid upon the capital stock until such time as the Company should be in a position to resume interest upon the General Mortgage Bonds, would apply all income from the mortgaged property to the payment of interest on the first mortgage, taxes and operating charges so that the foreclosure of the first mortgage would be avoided, would use their best efforts to raise approximately $25,000 additional cash among the defendants or persons associated or to be associated with them to be applied to the liquidation of accrued taxes, would coöperate with the plaintiffs in working out a plan of reorganization which would protect the bonds represented by the plain-

tiffs without the necessity of a foreclosure under the mortgage securing said bonds . . . would keep the plaintiffs at all times fully informed as to the operation of the mortgaged property, and would so manage the mortgaged property and apply its income during the development of said reorganization plan that the interests of the holders of the General Mortgage Bonds would not in any way be jeopardized."

In reliance upon the agreements of the defendants the plaintiffs as a committee as aforesaid forbore from exercising the right to foreclose the mortgage securing the bonds and from requesting the trustee under such mortgage to take over the mortgaged property. The plaintiffs in good faith proceeded to develop a plan of reorganization. The defendants in breach of their agreements and with knowledge that the plaintiffs were relying thereon "fraudulently, wilfully and negligently" failed to carry out these agreements, in that they failed to apply the income of the defendant Park Square Corporation in such a manner as to prevent a foreclosure of the first mortgage, allowed the interest thereon to become in default, failed to pay the current taxes upon the mortgaged property though the income thereof was sufficient for such purposes, diverted income from said property in amounts and to persons unknown, adjusted without the consent of the plaintiffs the rentals of leases between the defendant Park Square Corporation as lessor and the defendants A. B. See Elevator Company, Inc., and Thomas M. James Company as lessees, interests associated with said lessees being in control of the defendant Park Square Corporation, failed to coöperate with the plaintiffs in the development of the proposed plan of reorganization, and "fraudulently and wilfully" concealed these activities and breaches of the agreements from the plaintiffs by assuring the plaintiffs that the property was being managed in the best interests of the bondholders.

On the representations of the defendants the plaintiffs continued to refrain from exercising the right of foreclosure and the right to take possession of the property under the mortgage securing the bonds until it became impossible

for the plaintiffs to take proceedings to protect the bonds without making provisions for the payment of the first mortgage or curing the defaults thereunder as the plaintiffs were not in a position to do. The defendants' actions were for the purpose of forcing a foreclosure of the first mortgage in order that they might have an opportunity to reacquire the mortgaged property free and clear of the lien thereon of the mortgage securing the bonds without the necessity of participating in any plan of reorganization containing provisions for the protection of the bonds. A foreclosure sale under the power of sale contained in the first mortgage was held and the mortgaged property was bid in by the first mortgagee and conveyed to such first mortgagee. Thereafter the property was conveyed to the defendant Stuart Carver Corporation, a corporation then organized by six "persons associated with and controlled by the defendants, or one or more of them," three of these persons being in the employ of the defendant Thomas M. James Company and three of them being in the employ of the defendant A. B. See Elevator Company, Inc. The mortgaged property was acquired by the defendant Stuart Carver Corporation subject to a new first mortgage "so that the defendants or one or more of them in substance reacquired the equity in the mortgaged property free from the lien of the mortgage securing the General Mortgage Bonds represented by the plaintiffs and without the necessity of participating in any plan of reorganization which contained provision for the protection of or recognized the lien or equity of the bonds represented by the plaintiffs, all to the serious damage of the bonds represented by the plaintiffs."

The prayers of the bill are that an accounting be ordered between the defendants other than the Park Square Corporation and the defendant Park Square Corporation "for all sums of money, cancellation of leases, cancellation of debts, misapplication of moneys and wrongful diversion of income wrongfully done or caused to be done by the said defendants to the detriment of the defendant, Park Square Corporation," that "the amount of damages suffered by

the plaintiffs because of the wrongful acts of the defendants be fixed," and for general relief.

The demurrers were sustained rightly.

Since the defendants demurred both on the ground of want of equity and on the ground of adequacy of remedy at law it is not necessary to discriminate minutely between these grounds of demurrer. Clearly the allegations of the bill do not bring the suit within any statute by which a remedy in equity is given regardless of adequacy of remedy at law. *Maguire* v. *Reough,* 238 Mass. 98, 99. *Proctor* v. *MacClaskey,* 278 Mass. 238, 242–243. Compare *Thomas* v. *Burnce,* 223 Mass. 311, 312; *Powers* v. *Heggie,* 268 Mass. 233, 241–242. See G. L. (Ter. Ed.) c. 214, § 3.

First. We need not decide whether the bill states a cause of action for breach of contract. Even if the bill states such a cause of action it does not set forth facts showing that the remedy at law for such a breach is inadequate. See *Jones* v. *Newhall,* 115 Mass. 244, 252–253. Consequently, since objection on this ground was made seasonably, the suit cannot be maintained to recover damages for such a breach of contract in the absence of some other ground for equitable relief. *Maguire* v. *Reough,* 238 Mass. 98. *Waters* v. *Boyden,* 275 Mass. 564, 566–567.

Second. The primary contention of the plaintiffs is that the allegations of the bill state a case for relief in equity through an accounting by the defendants other than the Park Square Corporation. No accounting between the defendant Park Square Corporation and the bondholders represented by the plaintiffs is sought. The allegations of the bill do not state a case for an accounting between the defendants other than the defendant Park Square Corporation and these bondholders.

"In order to maintain a bill in equity for an account" — in the absence, as here, of allegations of "mutual charges and credits" — "it must appear from the specific allegations that there was a fiduciary relation between the parties . . . or that the account is so complicated that it cannot be conveniently taken in an action at law." *Badger* v. *McNamara,* 123 Mass. 117, 119–120. *Pratt* v. *Tuttle,* 136

Mass. 233.  *Lee* v. *Fisk*, 222 Mass. 424, 426.  *Kaufman*
v. *Buckley*, 285 Mass. 83, 85.  G. L. (Ter. Ed.) c. 214,
§ 3 (6).

1. The allegations of the bill do not show that a fidu-
ciary relation existed between the defendant officers, direc-
tors and stockholders of the Park Square Corporation and
the bondholders.  The plaintiffs do not contend that such
a relation existed apart from the alleged contract.  Their
contention that such a relation existed is based on the
grounds that the bondholders, as mortgagees of the real
estate of the Park Square Corporation, after the condition
of the mortgage thereof was broken were owners of the
mortgaged real estate entitled to immediate possession
thereof, and that the defendant officers, directors and
stockholders, by force of the contract, became agents of
the bondholders for the management of such real estate.

The bondholders, however, on the allegations of the bill,
were not mortgagees.  The mortgage ran to The National
Shawmut Bank of Boston as trustee and it is not alleged
that the bondholders were authorized as agents, or in any
other capacity, to act for the trustee.  The terms of the
trust instrument do not appear in full.  But whatever the
rights of the bondholders to control the trustee's action
under the mortgage, the facts alleged do not show that the
bondholders, as distinguished from the trustee, were en-
titled to exercise the rights of mortgagees.  So far as appears
the trustee was in the ordinary position of a trustee under
a mortgage to secure bonds, standing in a fiduciary rela-
tion both to the mortgagor and to the bondholders.  *Den-
nett* v. *Tilton*, 227 Mass. 299, 302.  And the bondholders
were required to enforce their rights through the interven-
tion of the trustee.  *First National Fire Ins. Co.* v. *Salis-
bury*, 130 Mass. 303, 311.  *Merchants' National Bank* v.
*Greene*, 150 Mass. 317, 319.  The trustee is not a party to
this suit and it cannot be regarded as brought to compel
the trustee to act under the mortgage.  Compare *First
National Fire Ins. Co.* v. *Salisbury*, 130 Mass. 303, 311.
With even less reason can the suit be regarded as brought
to compel the trustee to enforce rights under the contract,

for there is no allegation that the trustee is a party thereto.

Moreover, the allegations of the bill do not show a fiduciary relation of the defendant officers, directors and stockholders to the bondholders, even if it be assumed that such bondholders were entitled to exercise the rights of mortgagees.

Doubtless a mortgagee, even before breach of the condition of the mortgage, though not in possession of the mortgaged real estate and not entitled to possession thereof by the terms of the mortgage, is regarded for some purposes as the owner of the real estate (*United States Trust Co.* v. *Commonwealth*, 245 Mass. 75, 78) and can maintain an action based on his title against the mortgagor or a stranger for injury to his interest in the property as security. *Gooding* v. *Shea*, 103 Mass. 360. *Stewart* v. *Finkelstone*, 206 Mass. 28, 34–35. *Delano* v. *Smith*, 206 Mass. 365, 369–370. A mortgagor, however, "unless otherwise stated in the mortgage" until "default in the performance or observance of the condition of a mortgage" is entitled to "hold and enjoy the mortgaged premises and receive the rents and profits thereof." G. L. (Ter. Ed.) c. 183, § 26. The mortgagee upon such default is entitled to immediate possession merely in the sense that upon breach of condition he is entitled to recover possession of the mortgaged premises by an open and peaceable entry on such premises or by action, or, if the mortgage contains a power of sale, to foreclose by sale. G. L. (Ter. Ed.) c. 244, §§ 1–17. *Harlow Realty Co.* v. *Cotter*, 284 Mass. 68, 69–70.

The bill, however, does not allege that the trustee or the bondholders as mortgagees have entered upon the mortgaged premises, brought an action to recover possession thereof or instituted proceedings for foreclosure by sale. The defendant Park Square Corporation, when the contract was made between the defendant officers, directors and stockholders on the one hand and the bondholders on the other, was in possession of the mortgaged premises as mortgagor. And so long as the mortgagor was suffered to remain in possession, though the condition of the mortgage had been broken, such mortgagor, and not the mortgagees,

had the rights of control and management of the mortgaged property incident to possession thereo , not only as to all the world other than the mortgagees (*Dolliver* v. *St. Joseph Fire & Marine Ins. Co.* 128 Mass. 315, 316), but also as to the mortgagees. *Silloway* v. *Brown*, 12 Allen, 30, 38. *Vaugh* v. *Wetherell*, 116 Mass. 138, 139–140. *Elmore* v. *Symonds*, 183 Mass. 321, 323. *Burke* v. *Willard*, 243 Mass. 547, 551. The contract of the defendant officers, directors and stockholders of the defendant Park Square Corporation with the bondholders, represented by the plaintiffs, therefore, cannot be regarded as a contract for the management by them as agents of the bondholders of the property in the control of such bondholders as mortgagees. It was rather a contract as to the manner in which the defendant officers, directors and stockholders as independent contractors would act with reference to property in the control of the mortgagor. *A fortiori* the contract did not make these officers, directors and stockholders trustees or *quasi* trustees for the bondholders of the mortgaged property. The case is distinguishable from cases relied on by the plaintiffs in which there were relations of principal and agent partaking of a fiduciary character. See *Campbell* v. *Cook*, 193 Mass. 251, 256; *Craine* v. *Royster*, 255 Mass. 118. See also *Pratt* v. *Tuttle*, 136 Mass. 233. Compare *Waters* v. *Boyden*, 275 Mass. 564, 566.

Furthermore, the bill cannot be maintained for an accounting by reason of the allegations that there was a breach of the contract, that such breach was fraudulent, willful and negligent and for the purpose of forcing a foreclosure of the first mortgage, that such foreclosure resulted, and that thereby the defendant officers, directors and stockholders in substance acquired the equity in the mortgaged property subject to a new first mortgage but free from the lien of the mortgage securing the bonds through the purchase of the mortgaged property from the first mortgagee, the purchaser at the foreclosure sale, by the defendant Stuart Carver Corporation, a corporation organized by persons associated with and controlled by these defendants, or one or more of them — three of these persons being in the employ of the defendant Thomas M. James Company and

three of them being in the employ of the defendant A. B.
See Elevator Company, Inc. In some circumstances where
specific property is involved a constructive trust thereof
may be raised for the purpose of providing an equitable
remedy for fraud. But that principle is not applicable here.
This suit is not brought to set aside the foreclosure sale.
See *Southwick* v. *Spevak*, 252 Mass. 354, 357. See also
*Tuttle* v. *Batchelder & Lincoln Co.* 170 Mass. 315, 317. The
first mortgagee, the purchaser at the foreclosure sale, is
not a party to the suit and no facts are alleged showing
that the sale was invalid. See *Goldman* v. *Damon*, 272 Mass.
302, 306. Nor is the suit brought to charge the property
alleged to have been acquired by the defendant Stuart
Carver Corporation from the purchaser at the foreclosure
sale, or indeed any other specific property, with a con-
structive trust for the benefit of the bondholders or of the
defendant Park Square Corporation. And there is no
allegation that any money was received by any of the
defendants. The plaintiffs seek merely an accounting by
the defendants, other than the Park Square Corporation,
for acts done by such defendants to the detriment of the
defendant Park Square Corporation — including the diver-
sion of money — in breach of the contract. But, in the
absence of other facts entitling the plaintiffs to relief peculiar
to courts of equity, the mere breach of a contract, though
fraudulent, is not ground for equitable relief. *Suter* v.
*Matthews*, 115 Mass. 253, 255. *Ahrend* v. *Odiorne*, 118
Mass. 261, 268–269. *Frue* v. *Loring*, 120 Mass. 507, 508–
509. *Tuttle* v. *Batchelder & Lincoln Co.* 170 Mass. 315, 317.
And it does not appear that the plaintiffs' remedy at law is
inadequate. On an accounting between the defendants
other than the Park Square Corporation and the bondholders
the plaintiffs, representing the bondholders, could recover
only damages for breach of the contract. And the rule of
damages could not be more favorable to the plaintiffs on
such an accounting than in an action at law for such breach.
See *Frue* v. *Loring*, 120 Mass. 507, 508–509. A party
"cannot come into equity to obtain precisely what he can
have at law." *Jones* v. *Newhall*, 115 Mass. 244, 249.

*Morse* v. *International Trust Co.* 259 Mass. 295, 300–301.
*Waters* v. *Boyden*, 275 Mass. 564, 566–567.   The alleged
fraud in the breach of the contract, therefore, did not
create such a fiduciary relation between the defendants
other than the defendant Park Square Corporation and
the bondholders — where none previously existed — as en-
titles the plaintiffs to maintain a bill for an accounting.
See *Waters* v. *Boyden*, 275 Mass. 564, 566–567.

2. The allegations of the bill do not show any account
between the plaintiffs representing the bondholders and
the defendants other than the Park Square Corporation so
complicated that it cannot be taken in an action at law.
Indeed they do not show any account between these par-
ties.   See *Whitwell* v. *Willard*, 1 Met. 216, 217–218; *Braman*
v. *Foss*, 204 Mass. 404, 412.

Third.   The precise form of relief sought, however, is not
an accounting between the defendants other than the de-
fendant Park Square Corporation and the plaintiffs repre-
senting the bondholders, but rather an accounting between
such defendants and the defendant  Park Square Corpora-
tion for the benefit of the bondholders.   There is a specific
prayer for an accounting between these parties.

The bill cannot be maintained for this purpose.   The
defendant Park Square Corporation was not a party to
the alleged contract and has no rights against the other
defendants for breach thereof which it can enforce or which
can be enforced in its behalf by the plaintiffs representing
the bondholders.   The allegations of fraud contained in
the bill are limited to fraud in the breach of the contract.
And the reasons which preclude the plaintiffs from obtain-
ing equitable relief in this suit by an accounting between
the defendants other than the Park Square Corporation
and the plaintiffs representing the bondholders, by reason
of their rights under the contract, also preclude them from
obtaining such relief by an accounting between such de-
fendants and the defendant Park Square Corporation for
the benefit of the bondholders.   Such an accounting would
not protect the bondholders against foreclosure of the first
mortgage — the purpose of the contract — since the fore-

closure has already taken place. The plaintiffs rightly do not contend that the bill can be maintained against any of the defendants, independent of the contract, on the principles stated in *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 60.

Fourth. The bill cannot be maintained as a bill for discovery or for an accounting for the purpose of discovery. It is not framed as a bill for discovery and contains no prayer for discovery, as such, in aid either of the present suit (see G. L. [Ter. Ed.] c. 214, § 12) or of proceedings at law. See however *H. E. Shaw Co.* v. *Karcasinas,* 278 Mass. 397, 401. But it is contended that the plaintiffs representing the bondholders are entitled to an accounting between the defendants other than the Park Square Corporation and the defendant Park Square Corporation for the purpose of ascertaining from facts disclosed by such an accounting the amount of their damages for breach of the contract. However, since on the allegations of the bill the plaintiffs representing the bondholders are not entitled to such an accounting for the purpose of relief, or to equitable relief in any other form, and the defendants whom they seek to require to account do not stand in a fiduciary relation to them they are not entitled to such an accounting for the purpose of discovery only. See *Lee* v. *Fisk,* 222 Mass. 424, 426; *Mitchell* v. *Wright,* 234 Mass. 458, 466. The cases of *Burlingame* v. *Hobbs,* 12 Gray, 367, and *Tateum* v. *Ross,* 150 Mass. 440, relied on by the plaintiffs, are distinguishable. In each of these cases there was a fiduciary relation between the parties.

Whether on other grounds the bill fails to state a case for equitable relief or is demurrable need not be decided.

It follows that the interlocutory decrees sustaining the demurrers must be affirmed. Since, however, the case is not disposed of on the merits of the plaintiffs' cause of action, if any, for damages at law for breach of the alleged contract, the final decree must be modified by providing that the bill be dismissed "without prejudice." *Preston* v. *Newton,* 213 Mass. 483, 486–487. *Hooker* v. *Porter,* 271 Mass. 441, 448. As so modified it is affirmed with costs.

*Ordered accordingly.*